IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HADAROU SARE,

        *Plaintiff*,

    v.                              Civil No.: 8:24-cv-03637-JRR

CENTRAL COLLECTION UNIT, *et al.*,

        *Defendants*.

## <u>MEMORANDUM OPINION</u>

*Pro Se* Plaintiff Hadarou Sare brings this action against Defendants Central Collection Unit ("CCU"), the Office of the Attorney General ("OAG"), and the University of Maryland, College Park (the "University") (collectively, "Defendants"),[1] alleging tortious interference with contract and violations of due process. Pending before the court are CCU's Motion to Dismiss (ECF No. 13) and OAG and the University's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment (ECF No. 14) (collectively, "the Motions"). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025). For the reasons that follow, by accompanying order, the Motions will be granted.[2]

## I.    <u>BACKGROUND</u>[3]

During Plaintiff's attendance at the University, he was awarded the Dean's Fellowship for exceptional academic performance. (ECF No. 1 ¶ 10.) The fellowship included an award of funds.

---

[1] Plaintiff has also named the Tax Refund Interception Program ("TRIP") as a Defendant. TRIP, however, is not a legal entity subject to suit, but rather a statutory program administered by the CCU. *See* MD. CODE ANN., TAX-GEN. § 13-912 *et seq.*; *Central Collection Unit: State Tax Refund Intercept Program (TRIP)*, available at https://dbm.maryland.gov/ccu/Pages/CCUStateTaxIntercept.aspx (last visited August 1, 2025).

[2] Because the court will grant the Motions, it will deny as moot Plaintiff's Motion for Subpoena Duces Tecum and Testimony of Lillian L. Reynolds. (ECF No. 20.)

[3] For purposes of resolving the Motion, the court accepts as true all well-pled facts in set forth in the Complaint and the supplements thereto (ECF Nos. 1, 7, 9). *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

*Id*.  Plaintiff was later expelled from the University.  *Id.* ¶ 11.  Plaintiff initiated additional lawsuits related to his allegedly wrongful expulsion (Case Nos. 23-2675, 23-2975).   Those actions, consolidated under Case No. 23-2675, have since been dismissed.

Following his expulsion, the University discontinued Plaintiff's funding and referred Plaintiff's debt to Defendant CCU for collection.  *Id*.  After disputing the validity of the debt and requesting a formal investigation on the basis that it relates to ongoing legal proceedings, Plaintiff received a letter from Defendant CCU on November 19, 2024, advising that it would certify the debt for collection.  *Id.* at ¶¶ 12–14.  Plaintiff requested an investigation and a hearing.  *Id.* at ¶ 15. As a result of the collection efforts, Plaintiff alleges he has suffered financial and emotional harm. *Id.*

Plaintiff initiated this action on December 16, 2024.  (ECF No. 1.)  Plaintiff asserts the following counts: Declaratory Judgment (Count I), Injunctive Relief (Count II), Tortious Interference (Count III), and Violation of Due Process (Count IV).[4]   (ECF No. 1 at ¶¶ 16–28.) Defendants now all move to dismiss.  (ECF Nos. 13, 14.)

---

[4] Plaintiff brings this action asserting the four counts noted above.  Plaintiff also asserts there are four other "federal statutes . . . at issue": the Higher Education Act of 1965 ("HEA"), the Administrative Procedure Act ("APA"), the Fair Debt Collection Practices Act ("FDCPA"), and the Federal Tort Claims Act ("FTCA").  (ECF No. 1 at p. 9.)  To be clear, Plaintiff has not asserted any causes of action related to these statutes.  For purposes of completeness, the court notes as follows.  Neither the APA nor the FTCA is applicable to state agencies (Defendants here).  *Ealy v. Toey*, No. GLR-15-545, 2016 WL 1077106, at *5 (D. Md. March 18, 2016) ("[T]he Federal Tort Claims Act, 28 U.S.C. § 2674, applies to the federal government, not state and local governments.); *Skydiving Ctr. of Greater Washington, D.C., Inc. v. St. Mary's Cnty. Airport Comm'n,* 823 F. Supp. 1273, 1279 n.2 (D. Md. 1993) ("Defendants are not federal agencies within the meaning of the federal Administrative Procedures Act and are therefore not subject to the requirements of the APA").  Further, "courts have consistently held that no private right of action is available for violation of the HEA."  *Coll. Loan Corp. v. SLM Corp.*, 396 F.3d 588, 593 (4th Cir. 2005).  Finally, in addition to the reasons set forth in this opinion, Plaintiff does not allege sufficient facts to state a claim for violation of the FDCPA. *Sterling v. Ourisman Chevrolet of Bowie Inc.*, 943 F. Supp. 2d 577, 585 (D. Md. 2013) (explaining that, to state a claim under the FDCPA, "Plaintiff must allege that (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt [ ] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA" (citation omitted)).

II.    **LEGAL STANDARD**

A.  **Federal Rule of Civil Procedure 12(b)(1)**

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction." *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016). "The plaintiff bears the burden of proving, by a preponderance of evidence, the existence of subject matter jurisdiction." *Mayor & City Council of Balt. v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019). Subject matter jurisdiction challenges may proceed in two ways: a facial challenge or a factual challenge. *Id.* A facial challenge asserts "that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction." *Id.* A factual challenge asserts "that the jurisdictional allegations of the complaint [are] not true." *Id.* (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)). "In a facial challenge, 'the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.'" *Id.* (quoting *Kerns*, 585 F.3d at 192 (instructing that in a facial challenge to subject matter jurisdiction the plaintiff enjoys "the same procedural protection as . . . under a Rule 12(b)(6) consideration")). "[I]n a factual challenge, 'the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction.'" *Id.*

The University and OAG (and CCU by incorporation) raise a facial challenge to the court's subject matter jurisdiction, asserting that both Eleventh Amendment sovereign immunity and state sovereign immunity apply.[5] (ECF No. 14-1 at p. 6–8, 12–15; ECF No. 13 at p. 5.) The defense

---

[5] On the relationship between the two, the Fourth Circuit has explained:

> The Eleventh Amendment prevents federal courts from hearing "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This is a rather narrow and precise provision that only bars a suit against a state by a noncitizen of that state, which is not the case here. *Va. Off. for*

of sovereign immunity is a jurisdictional bar because "sovereign immunity deprives federal courts of jurisdiction to hear claims, and a court finding that a party is entitled to sovereign immunity must dismiss the action for lack of subject-matter jurisdiction." *Cunningham v. Gen. Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018) (quoting *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 207 (5th Cir. 2009)). "Given the unique attributes of sovereign immunity, we have held that the burden of proof falls to an entity seeking immunity as an arm of the state, even though a plaintiff generally bears the burden to prove subject matter jurisdiction." *Williams v. Big Picture Loans, LLC*, 929 F.3d 170, 176 (4th Cir. 2019) (citing *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014)).

### B.  Federal Rule of Procedure 12(d)

In their Motion, Defendants OAG and the University seek dismissal of Plaintiff's Complaint for failure to state a claim or, in the alternative, summary judgment. "A motion with this caption implicates the court's discretion under Fed. R. Civ. P. 12(d)." *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022). Federal Rule of Civil Procedure 12(d) provides: "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings

---

*Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253, 131 S.Ct. 1632, 179 L.Ed.2d 675 (2011). . . .

State sovereign immunity, on the other hand, is a broader doctrine that "bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it." *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019). While courts often discuss both doctrines under the banner of Eleventh Amendment immunity, "the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by [the Supreme] Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today." *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999); *see also Hans v. Louisiana*, 134 U.S. 1, 15–16, 10 S.Ct. 504, 33 L.Ed. 842 (1890).

*Williams v. Morgan State Univ.*, 850 F. App'x 172, 173–74 (4th Cir. 2021).

are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 WL 5335477, at *3 (D. Md. Sept. 22, 2016) (citations omitted).

"There are two requirements for a proper Rule 12(d) conversion." *Greater Balt. Ctr. for Pregnancy Concerns. Inc. v. Mayor and City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013). "First, all parties must 'be given some indication by the court that it is treating the Rule 12(b)(6) motion as a motion for summary judgment,' which can be satisfied when a party is aware 'material outside the pleadings is before the court.'" *Snyder v. Maryland Dep't of Transportation*, No. CV CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022) (quoting *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985)). Second, customarily, the parties must first "be afforded a reasonable opportunity for discovery." *Gay*, 761 F.2d at 177.

Because the court concludes that dismissal of Plaintiff's Complaint is warranted without consideration of matters outside the pleading, the court need not reach Defendants' alternative argument for summary judgment. The court therefore construes the motion as one for dismissal pursuant to Rules 12(b)(1) and 12(b)(6).

## C. Federal Rule of Civil Procedure 12(b)(6)

A motion asserted under Rule 12(b)(6) "test[s] the sufficiency of a complaint;" it does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Therefore, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and

drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244.

"While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "[A] complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555). "The [c]ourt must be able to deduce 'more than the mere possibility of misconduct'; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief." *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *2 (D. Md. Nov. 16, 2021) (quoting *Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015)).

## III.    ANALYSIS

As an initial matter, the court is ever mindful that *pro se* filings "must be construed liberally, . . . so as to do substantial justice," and are held to less stringent standards that filings drafted by lawyers. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (quoting *Erickson v. Paradus*, 551 U.S. 89, 94 (2007); FED. R. CIV. P. 8(f); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "In practice, this liberal construction allows courts to recognize claims despite various formal deficiencies, such as incorrect labels or lack of cited legal authority." *Wall v. Rasnick*, 42 F.4th 214, 218 (4th Cir. 2022). However, such liberal construction does not absolve Plaintiff from

pleading a plausible claim, and this court "may not act as an advocate for a self-represented litigant" by "conjur[ing] up" issues not presented. *Desgraviers v. PF-Frederick, LLC*, 501 F. Supp. 3d 348, 351 (D. Md. 2020) (quoting *Bey v. Shapiro Brown & Alt, LLP*, 997 F. Supp. 2d 310, 314 (D. Md. 2014), *aff'd*, 584 F. App'x 135 (4th Cir. 2014); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

### A. Counts I & II – Declaratory Judgment & Injunctive Relief

What Plaintiff presents as his first two counts concern requests for declaratory judgment under 28 U.S.C. § 2201 and injunctive relief to enjoin Defendants' collection of his debt until all litigation is resolved. ECF No. 1 at ¶¶16–22. As Defendant notes at pages 8 and 9 in ECF No. 14-1, neither declaratory judgment nor injunctive relief is an independent cause of action. "[B]oth a declaratory judgment and an injunction are remedies, not independent claims themselves. Accordingly, a federal district court may not issue a declaratory judgment under the Declaratory Judgment Act, 28, 28 U.S.C. § 2201, or an injunction under Federal Rule of Civil Procedure 65 absent an independent basis for jurisdiction." *Artis v. T-Mobile USA, Inc.*, No. PJM 18-2575, 2019 WL 1427738, at *5 (D. Md. March 29, 2019) (citing *Univ. Garden Apartments Joint Venture v. Johnson*, 419 F. Supp. 2d 733, 742 (D. Md. 2006)). Because the court will dismiss Plaintiff's claims that would provide the only basis for such relief, Counts I and II will also be dismissed.

### B. Count III – Tortious Interference[6]

Plaintiff contends that Defendants unlawfully interfered with his contractual and legal rights under the fellowship agreement, resulting in significant financial loss and reputational harm. (ECF No. 1 at ¶ 23.) The court thus construes Plaintiff's claim as one for tortious interference with contract.

---

[6] "When considering a State law claim, the Court must apply the law of the forum state (including as to choice of law), whether proceeding under supplemental or diversity jurisdiction." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 418 n.17 (D. Md. 2022) (citing cases).

### 1. *Sovereign Immunity*

Defendants argue that, as to Plaintiff's tortious interference claim, they are immune from suit pursuant to the MTCA.[7]  (ECF No. 14-1 at pp. 6–8, 10–12; ECF No. 13 at p. 5.)  Plaintiff counters that state sovereign immunity is inapplicable because the Defendant state actors acted with "bad faith, malice, or gross negligence."  (ECF No. 25 at p. 6.)

"State sovereign immunity . . . 'bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it.'"  *Williams v. Morgan State Univ.*, 850 F. App'x 172, 174 (4th Cir. 2021) (quoting *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019)).  "[W]hen a governmental agency or actor can, and does, avail itself of the doctrine of sovereign immunity, no contract or tort suit can be maintained thereafter against it unless the General Assembly has specifically waived the doctrine." *Stern v. Bd. Of Regents, Univ. Sys. of Md.*, 380 Md. 691, 701 (2004).  Relevant here, there is no dispute that Defendants are all agencies or instrumentalities of the State.  *See, e.g.*, *Magnetti v. Univ. of Maryland*, 402 Md. 548, 557 (2007) (explaining that sovereign immunity "prohibits suits against the State or its entities absent its consent"); MD. CODE ANN., STATE FIN. & PROC. § 3-302

---

[7] Defendants also argue that Plaintiff failed to comply with a condition precedent before initiating this suit— submission of a claim to the Maryland State Treasurer.  MD. CODE ANN., STATE GOV'T § 12-106(b); *see Higginbotham v. Pub. Serv. Comm'n of Maryland*, 412 Md. 112, 128 (2009) (holding that § 12-106(b)(3) "is *both* a statute of limitations and . . . a condition precedent to the waiver of sovereign immunity") (emphasis in original).  The court acknowledges that Plaintiff has failed to allege compliance with the provision; however, he has asserted that he was actively engaged in administrative procedures before this case was filed. Moreover, while "[h]istorically, '[t]he MTCA's notice requirements [were] strictly enforced and courts [could] not entertain claims by claimants who fail to exhaust their administrative remedies before the Treasurer, . . . this Court has recognized two corollary principles softening strict compliance with the MTCA's notice provisions," *Andrews v. Maryland Dep't of Pub. Safety & Corr. Servs.*, No. 1:23-CV-00172-JMC, 2024 WL 520038, at *9 (D. Md. Feb. 9, 2024) (citations omitted), including, relevant here, that a claimant who fails to submit a written claim as required, "on motion by a claimant and for good cause shown, the court may entertain an action under this subtitle unless the State can affirmatively show that its defense has been prejudiced by the claimant's failure to submit the claim." MD. CODE ANN., STATE GOV'T § 12-106. Here, Plaintiff asserts (albeit, not in his pleading) that he did file a claim.  Defendants offer no argument in response to that assertion; nor do they submit how, if at all, they have been prejudiced in the absence of same.  Upon the set of facts here, and where the court finds dismissal warranted on other bases, the court does not consider the argument.

(CCU); MD. CODE ANN., STATE GOV'T § 6-104 (OAG); MD. CODE ANN., EDUC. §§ 12-101, 12-102(a) (the University).

The MTCA provides a limited waiver of the State's sovereign immunity for tort actions. *Williams v. Morgan State Univ.*, 484 Md. 534, 554 (2023); *see Nicholson v. Baltimore Police Dep't*, No. CV DKC 20-3146, 2021 WL 1541667, at *5 (D. Md. Apr. 20, 2021) (same). The limited waiver "applies only to 'tortious conduct . . . committed by 'State personnel.'" *Nicholson*, 2021 WL 1541667, at *5 (quoting *Estate of Burris v. State*, 360 Md. 721, 737 (2000)). Accordingly, where actions taken by a State personnel were within the scope of his or her public duties, the State and its personnel are immune from suit, so long as the actions were "made without malice or gross negligence." *Nero v. Mosby*, 890 F.3d 106, 125 (4th Cir. 2018) (quoting MD. CODE ANN., CTS. & JUD. PROC. § 5-522(b)); *see* MD. CODE ANN., STATE GOV'T § 12-104 (regarding waiver of state tort immunity).

"'Actual malice,' in Maryland law, normally refers 'to conduct characterized by evil or wrongful motive, intent to injure, knowing and deliberate wrongdoing, ill-will or fraud.'" *Lee v. Cline*, 384 Md. 245, 268 (2004) (quoting *Shoemaker v. Smith*, 353 Md. 143, 163 (1999). Maryland courts have found that "well-pled facts showing 'ill-will' or 'evil or wrongful motive' are sufficient to take a claim outside of the immunity and non-liability provisions of the MTCA." *Barbre v. Pope*, 402 Md. 157, 182 (2007). "Malice can be 'inferred from acts and circumstantial evidence,' as it is 'seldom admitted and need not be prove[n] by direct evidence.'" *E.W. by & through T.W. v. Dolgos*, 884 F.3d 172, 187 (4th Cir. 2018) (quoting *Newell v. Runnels*, 407 Md. 578, 637 (2009)). Gross negligence, in turn, is "an intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another," and it "also implies a

thoughtless disregard of the consequences without the exertion of any effort to avoid them." *Barbre v. Pope*, 402 Md. 157, 187 (2007); *see Dolgos*, 884 F.3d at 187 (same).

Here, it is plain (and undisputed) that the alleged actions were taken in the scope of public duties. Thus, the sole question at issue is whether Plaintiff has adequately alleged that the actions were undertaken with malice or gross negligence. Plaintiff offers no allegations upon which a reasonable conclusion could be based that OAG acted at all with respect to the alleged agreement at issue, let alone acted with malice or gross negligence. As to the remaining Defendants, Plaintiff's allegation of malice and gross negligence of the University and CCU are similarly deficient. He contends that the University and CCU's actions to "aggressively pursu[e] debt collection while litigation is pending constitutes bad faith." (ECF No. 25 at p. 6.) As discussed at greater length below, however, Plaintiff alleges that he challenged the debt, but does not allege that Defendants failed to investigate the challenge, failed to provide him a hearing on the challenge, or any other fact to suggest (let alone make plausible) that the collection efforts were done with actual malice or reckless disregard to his rights. (ECF No. 1 ¶ 15.) Even when read in the permissible light applicable at this procedural stage of the action, Plaintiff's conclusory assertions are insufficient to support a showing of actual malice or gross negligence.

Accordingly, Count III will be dismissed.[8]

---

[8] Defendants also argue that the State has not waived sovereign immunity under the MTCA because Plaintiff failed to comply with the MTCA requirement that Plaintiff serve the complaint on the Treasurer. MD. CODE ANN., STATE GOV'T § 12-108(a). The court declines to reach this argument at this point. Plaintiff correctly notes that, due to an administrative error, the court never issued summons. Local Rule 103.2(d) (D. Md. 2025). That notwithstanding, Defendants' counsel entered their appearance within a week of Plaintiff's initiation of this lawsuit and then filed the instant Motions despite no summons being issued (or, obviously, served). For the foregoing reasons, the court is not persuaded that it lacks jurisdiction on that basis because Plaintiff has not yet been given an opportunity to effectuate service. In any event, because the court dismisses Plaintiff's Complaint on other grounds, summons need not now be issued.

### 2. *Pleading Adequacy*

Even were the court to find sovereign immunity does not bar Plaintiff's tortious interference claim, the claim would remain subject to dismissal because Plaintiff fails to plead facts sufficient to state a plausible claim.

Tortious interference with contract "has five elements: (1) existence of a contract between plaintiff and a third party; (2) defendant's knowledge of that contract; (3) defendant's intentional interference with that contract; (4) breach of that contract by the third party; and (5) resulting damages to the plaintiff." *Fowler v. Printers II, Inc.*, 89 Md. App. 448, 466 (1991); *see Crussiah v. Inova Health Sys.*, No. CV TDC-14-4017, 2015 WL 7294368, at *10 (D. Md. Nov. 19, 2015) (same). Plaintiff fails to allege facts sufficient to fulfill the essential elements of the tort; and his claim fails as a matter of law.

First, it is well established in Maryland that "[a]s a matter of law, a party to a contract cannot tortiously 'interfere' with his or her own contract." *Chaimberlain v. Brown*, No. GLR-17-2880, 2018 WL 9920030 at *4 (D. Md. Aug. 1, 2018); *see, e.g.*, *Lifestyle Realty, LLC v. Kirn*, No. CV MJM-23-629, 2024 WL 3784487, at *8 (D. Md. Aug. 13, 2024); *Goode v. Am. Veterans, Inc.*, 874 F. Supp. 2d 430, 447 n.12 (D. Md. 2012); *Blondell v. Littlepage*, 185 Md. App. 123, 154 (2009), *aff'd*, 413 Md. 96 (2010); *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 503 (1995). Where Plaintiff bases his claim on an allegation that the University, as a party to the underlying purported contract, interfered with same, his claim fails as a matter of law as against the University.

Second, Plaintiff fails to plead sufficient facts to state a claim. As to OAG, Plaintiff refers to it only once and lists it as a Defendant because it "represents the State of Maryland and its institutions." (ECF No. 1 at ¶ 9.) He alleges no facts to show how OAG knew of the alleged agreement between Plaintiff and the University, or intentionally interfered with same, thus

resulting in the University's breach.  As to CCU, Plaintiff repeatedly alleges that CCU's actions were unlawful or wrongful (ECF No. 1 at ¶¶ 18, 23); however, these are mere conclusions of law, not facts from which such conclusions could be based.  Other than these conclusory assertions, Plaintiff offers no factual allegations to support a finding that CCU interfered with his agreement between the University and Plaintiff, which interference resulted in breach by the University. Accordingly, Plaintiff's tortious interference claim against Defendants fails.

### C.  Count IV – Violation of Due Process

Defendants similarly seek dismissal of Plaintiff's due process claim on the basis of Eleventh Amendment sovereign immunity and because he fails to state a claim.  (ECF No. 14-1 at pp. 12–17; ECF No. 13 at p. 5.)  Plaintiff contends that Defendants' continued collection efforts while litigation is pending violate his due process rights.  (ECF No. 24 at p. 4.)  As Defendants note, Plaintiff's claim that Defendants have violated his due process rights under the Fourteenth Amendment by certifying Plaintiff's debt without adequate investigation is properly analyzed under 42 U.S.C. § 1983.  (ECF No. 14-1 at p. 12.)

#### 1.  *Eleventh Amendment Sovereign Immunity*

The Eleventh Amendment provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. AMEND. XI.  Under the Eleventh Amendment, states generally enjoy immunity from suit unless a state waives its immunity, or the immunity is abrogated by Congress.  *See Bd. of Trs. of Univ. of Al. v. Garrett*, 531 U.S. 356, 363–64 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. We have recognized, however, that Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of

constitutional authority." (citations omitted)); *Passaro v. Virginia*, 935 F.3d 243, 247 (4th Cir. 2019) ("[S]tate sovereign immunity bars all claims by private citizens against state governments and their agencies, except where Congress has validly abrogated that immunity or the state has waived it."). As previously mentioned, all Defendants are entities of the State; thus, they are entitled to sovereign immunity under the Eleventh Amendment absent an applicable exception. *See Biggs v. Board of Educ. of Cecil County*, Maryland, 229 F. Supp. 2d 437, 443 (D. Md. 2002) ("The Eleventh Amendment preserves the sovereign immunity of States, state agents, and state instrumentalities."). As explained *supra,* a finding that a defendant enjoys sovereign immunity on a claim presents a jurisdictional bar to the court's adjudicative power over such claim. *Cunningham v. General Dynamics Info. Tech.*, 888 F.3d 640, 649 (4th Cir. 2018).

"The Fourth Circuit has identified three exceptions to the Eleventh Amendment's prohibition of suits against a state or an arm of the state." *Doe v. Cmty. Coll. of Baltimore Cnty.*, 595 F. Supp. 3d 392, 409 (D. Md. 2022); *see Anderson v. Dep't of Pub. Safety & Corr.*, No. 24-1339, 2024 WL 4814882, at *1 (4th Cir. Nov. 18, 2024) (identifying the three Eleventh Amendment immunity exceptions). The three exceptions include:

> First, Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 [121 S.Ct. 955, 148 L.Ed.2d 866] (2001). Second, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 [124 S.Ct. 899, 157 L.Ed.2d 855] (2004). Third, a State remains free to waive its Eleventh Amendment immunity from suit in a federal court. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 618 [122 S.Ct. 1640, 152 L.Ed.2d 806] (2002).

*Doe.*, 595 F. Supp. 3d at 409 (citation modified) (quoting *Lee-Thomas v. Prince George's Cnty. Pub. Schs.*, 666 F.3d 244, 249 (4th Cir. 2012)).

No exception is applicable here. With respect to abrogation, "Congress has not abrogated sovereign immunity for § 1983 suits." *Biggs v. N. Carolina Dep't of Pub. Safety*, 953 F.3d 236, 241 (4th Cir. 2020) (citing *Quern v. Jordan*, 440 U.S. 332, 345 (1979)). Further, Plaintiff has not sought prospective injunctive relief against a state official, so the *Ex parte Young* exception is inapplicable. *See MediGrow LLC v. Natalie M. Laprade Med. Cannabis Comm'n*, 487 F. Supp. 3d 364, 373 (D. Md. 2020) ("The *Ex Parte Young* exception only permits actions against state officials, not the State itself or its instrumentalities."). Finally, the State has not waived Defendants' Eleventh Amendment immunity to suit in federal court, nor does Plaintiff argue any waiver in this action; and the court discerns none.[9] *Pevia v. Hogan*, 443 F. Supp. 3d 612, 632 (D. Md. 2020).

With no applicable exception, Defendants have not waived their Eleventh Amendment sovereign immunity. The assertion of same operates as a bar on this court's exercise of jurisdiction as to Plaintiff's § 1983 claim, and the court will therefore dismiss Count IV.

---

[9] Regarding waiver, this court has previously explained:

> [A] State may voluntarily waive its sovereign immunity by invoking federal court jurisdiction, or by making a clear declaration that it intends to submit itself to the jurisdiction of the federal courts . . . .
>
> In the absence of specific legislative authorization, neither the Attorney General for the State of Maryland nor any assistant thereto has any authority to waive Maryland's sovereign immunity in the course of representation of the State, any State entity, or any State officer or employee. As noted by the Fourth Circuit, the Maryland legislature has not authorized counsel for the State to waive sovereign immunity. In fact, Maryland statutory law expressly provides that the Attorney General's representation does not deprive any State officer, State employee, or unit of the State government of any sovereign immunity that is available to the officer, employee, or unit.

*Gross v. Morgan State Univ.*, 308 F. Supp. 3d 861, 866–67 (D. Md. 2018) (citations omitted).

### 2.  *Pleading Adequacy*

Even absent the assertion of Eleventh Amendment immunity, Plaintiff's claim of violations of the Fourteenth Amendment would still fail because he fails to allege sufficient facts to establish a viable due process claim.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. AMEND. XIV § 1.  "Procedural due process ensures that the government employs fair procedures when it seeks to deprive an individual of liberty or property."  *Amador v. Mnuchin*, 476 F. Supp. 3d 125, 148 (D. Md. 2020) (citing *Matthews v. Eldridge*, 424 U.S. 319, 332 (1976)).  While Plaintiff does not specify whether he asserts a substantive or procedural claim, this court interprets his claim as a procedural due process claim, because Plaintiff alleges he was deprived of his rights without fair procedure or "adequate investigation."  (ECF No. 1 at ¶ 27.)  "A plaintiff alleging a procedural due process violation must allege facts sufficient to show that he or she was deprived of a constitutionally cognizable interest in life, liberty, or property by 'some form of state action,' and that the procedures employed by the state were constitutionally inadequate."  *McArthur v. Brabrand*, 610 F. Supp. 3d 822, 843 (E.D. Va. 2022) (quoting *Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013)); *see Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015) ("To state a procedural due process violation, a plaintiff must (1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law.").

"The Due Process Clause does not constitute a catch-all provision that provides a remedy whenever a state actor causes harm."  *Evans v. Chalmers*, 703 F.3d 636, 647 n.2 (4th Cir. 2012).  "In order to claim entitlement to the protections of the due process clause—either substantive or procedural—a plaintiff must first show that he has a constitutionally protected 'liberty' or 'property' interest, and that he has been deprived of that protected interest by some form of state

action." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (citations omitted)); *see Bailey-El v. Housing Authority of Balt. City*, 686 F. App'x 228, 229 (4th Cir. 2017) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in property or liberty."). "Unless there has been a 'deprivation' by 'state action,' the question of what process is required and whether any provided could be adequate in the particular factual context is irrelevant, for the constitutional right to 'due process' is simply not implicated." *Stone*, 855 F.2d at 172.

Even assuming without deciding Plaintiff identifies a cognizable liberty or property interest,[10] Plaintiff fails to allege facts that (accepted as true) sufficiently demonstrate that the State employed constitutionally inadequate procedures to deprive him of a life, liberty, or property interest. "The fundamental requirements of due process are 'notice and an opportunity to be heard.'" *Doe v. Virginia. Polytechnic Inst. & St. Univ.*, 77 F.4th 231, 236 (4th Cir. 2023) (quoting *Mallette v. Arlington Cnty. Emps. Supplemental Ret. Sys. II*, 91 F.3d 630, 634 (4th Cir.1996). "[N]otice satisfies due process where it either 1) 'is in itself reasonably certain to inform those affected' or 2) 'where conditions do not reasonably permit such notice, . . . the form chosen is not substantially less likely to bring home notice than other of the feasible and customary substitutes.'" *Snider Int'l Corp. v. Town of Forest Heights*, 739 F.3d. 140, 146 (4th Cir. 2014) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950)). Plaintiff's allegations include that he received notice that his debt would be certified for collection. (ECF No. 1 at ¶ 14.) Plaintiff alleges that, in response to the notice, he requested an investigation and hearing. *Id.* ¶ 15. He does

---

[10] While courts generally recognize that individuals have a protected property interest in their money, *see Sansotta v. Town of Nags Head*, 724 F.3d 533, 540 (4th Cir. 2013), "[a] credit rating is an aspect of reputation, and the United States Supreme Court has found an injury to reputation, standing alone, does not implicate a protected liberty interest." *Perkins v. Virginia Dep't of Corr.*, No. 1:21-cv919, 2022 WL 2073089, at *2 n.6 (E.D. Va. May 4, 2022) (citing *Paul v. Davis*, 424 U.S. 693, 708-09 (1976)).

not allege that he was deprived of an investigation or a hearing.[11]  He does not allege facts to support that any investigation or hearing was constitutionally inadequate.  Instead, he simply alleges that "Defendants continue collection activities," and fails to say what those collection activities are.  *Id.*    The court is therefore persuaded Plaintiff has not plausibly alleged that Defendants violated his procedural due process rights.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, by separate order, Defendants' Motions (ECF Nos. 13 & 14) will be granted, and Plaintiff's Complaint (ECF No. 1) will be dismissed.[12]

Date: August 4, 2025                                              /S/

_____
Julie R. Rubin
United States District Judge

---

[11] It bears mention that Plaintiff has not disputed that a hearing was in fact conducted.  Indeed, an attachment to his Complaint provides: "A hearing with the Office of Administrative Hearings has already taken place regarding this matter."  (ECF No. 1-8 at p. 1.)

[12] Defendants seek dismissal with prejudice.  The court declines to dismiss this action with prejudice.  *See Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (stating that "the nature of dismissal" is left to "the sound discretion of the district court").  Relatedly, to the extent the dismissal is based on subject matter jurisdiction, a dismissal for a defect in subject matter jurisdiction "must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."  *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022).