IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HADAROU SARE,<br><br>*Plaintiff*,<br><br>v.<br><br>CENTRAL COLLECTION UNIT, *et al.*,<br><br>*Defendants*. | Civil No.: 8:24-cv-03637-JRR |

**MEMORANDUM AND ORDER**

This matter comes before the court on *pro se* Plaintiff Hadarou Sare's "Motion to Reopen Case" (ECF No. 34; the "Motion"), which the court construes as a motion for reconsideration pursuant to Rule 59(e). The court has reviewed all papers; no hearing is necessary. Local Rule 105.6 (D. Md. 2025).

**I.      Background**

On December 16, 2024, Plaintiff initiated this action against Defendants Central Collection Unit, the Office of the Attorney General, and the University of Maryland, College Park,[1] alleging tortious interference with contract and violations of due process. (ECF No. 1.) He asserted claims for declaratory judgment, injunctive relief, tortious interference, and violation of due process. *Id.* ¶¶ 16–28. Defendants subsequently moved to dismiss (ECF Nos. 13, 14); and the court dismissed the action on August 4, 2025. (ECF Nos. 28, 29.) Of import here, the court concluded that Defendants were immune from suit by operation of state sovereign immunity (for Plaintiff's state law claim) and Eleventh Amendment immunity (for Plaintiff's federal claim). (ECF No. 28 at pp.

---

[1] Plaintiff has also named the Tax Refund Interception Program ("TRIP") as a Defendant. As the court explained in its prior opinion, TRIP is not a legal entity subject to suit, but rather a statutory program administered by the CCU. *See* MD. CODE ANN., TAX-GEN. § 13-912 *et seq.*; *Central Collection Unit: State Tax Refund Intercept Program (TRIP)*, available at https://dbm.maryland.gov/ccu/Pages/CCUStateTaxIntercept.aspx (last visited October 2, 2025).

8–17.)  The court further concluded that, even were Defendants not immune from suit, Plaintiff failed to allege plausible claims.  *Id.*

On August 5, 2025, Plaintiff filed a notice of appeal, followed by the instant Motion two days later.[2]  (ECF Nos. 30, 34.)

## II.     Legal Standard

The court analyzes Plaintiff's Motion pursuant to Federal Rule of Civil Procedure 59(e).[3]  "Rule 59(e) authorizes motions 'to alter or amend a judgment,' provided they are filed within 28 days of the judgment."  *Daulatzai v. Maryland*, 97 F.4th 166, 177 (4th Cir. 2024).   "The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp.

---

[2] The court notes Plaintiff filed a notice of appeal (ECF No. 30) prior to filing the Motion.  Given the relief sought, and that the court will deny the Motion, the court is satisfied of its jurisdiction to address the Motion while the appeal is pending.  *See* FED. R. APP. P. 4(a)(4) (recognizing that a motion to alter or amend judgment under Rule 59 and a motion for relief under Rule 60 during the time permitted for filing a motion under Rule 59 tolls the time period for filing an appeal); FED. R. APP. P. 4 1993 Advisory Committee Note ("The amendment provides that a notice of appeal filed before the disposition of a specified posttrial motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals."); *Carpenter Insulation & Coatings v. Statewide Sheet Metal & Roofing*, 937 F.2d 602, 1991 WL 120315, n.* (4th Cir. 1991) (table decision) (explaining that a district court "properly considered the statutory issue because it did have subject matter jurisdiction over the Rule 59 motion, notwithstanding the fact that a notice of appeal had already been filed" based on operation of Federal Rule of Appellate Procedure 4(a)(4)); *Nat'l Ass'n of Diversity Officers in Higher Educ. v. Trump*, 781 F. Supp. 3d 380, 384 (D. Md. 2025) (holding that the court "has jurisdiction to rule on Plaintiffs' Rule 59 motion—and indeed must do so, to end the period in which the notice of appeal has been "suspended" by Plaintiffs' filing of their Rule 59 motion").

[3] While Plaintiff's Motion references Rule 60(b), "[a] post-judgment motion challenging the correctness of a district court's judgment is construed based on when the motion was filed."  *Thomas v. S.C. Dep't of Mental Health*, No. 23-2190, 2024 WL 4298146, at *1 (4th Cir. Sept. 26, 2024).  Where, as here, Plaintiff filed his Motion within 28 days of judgment, his Motion is properly analyzed under Rule 59(e), as opposed to Rule 60(b).  *See id.*; *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 412 (4th Cir. 2010) ("We have squarely held, however, that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than [28] days after entry of the adverse judgment and seeks to correct that judgment.") (citation omitted); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) ("[I]f a post-judgment motion is filed within [28] days of the entry of judgment and calls into question the correctness of that judgment it should be treated as a motion under Rule 59(e), however it may be formally styled." (quoting *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)). Further, even if analyzed under Rule 60(b), Plaintiff's Motion would still fail for the reasons set forth herein.

3d 741, 745 (D. Md. 2022) (citing cases). A Rule 59(e) motion "is an extraordinary remedy that should be applied sparingly." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (quoting *EEOC v. Lockheed Martin Corp.,* 116 F.3d 110, 112 (4th Cir. 1997)). "[T]he prior judgment cannot be 'just maybe or probably wrong; it must . . . strike the court as wrong with the force of a five-week-old, unrefrigerated dead fish.'" *Jackson v. Sprint/United Mgmt. Co.*, 633 F. Supp. 3d 741, 746 (D. Md. 2022) (quoting *Fontell v. Hassett*, 891 F. Supp. 2d 739, 741 (D. Md. 2012)). "In other words, the Court's previous judgment must be 'dead wrong.'" *Id.* (quoting *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009)).

"Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *JTH Tax, Inc. v. Aime*, 984 F.3d 284, 290 (4th Cir. 2021) (quoting *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). A motion under Rule 59(e) is similarly "not authorized to enable a party to complete presenting his case after the court has ruled against him." *Bank v. M/V "Mothership"*, 427 F. Supp. 3d 655, 659 (D. Md. 2019) (quoting *Matter of Reese*, 91 F.3d 37, 39 (7th Cir. 1996)). Indeed, "mere disagreement does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (citation omitted).

### III.   Analysis

Plaintiff seeks relief from the court's order dismissing his complaint because he "now seeks to add additional evidence and legal authority showing that the actions of Defendants were taken in bad faith and outside the scope of lawful authority, thereby removing the shield of sovereign immunity." (ECF No. 34 at p. 2.) Plaintiff identifies no specific evidence not previously available or intervening change in law; instead, he seemingly seeks leave to amend, perhaps to amplify his

allegations. (ECF Nos. 37, 38.) He also contends that because this case is "closely tied" to another case (Case No. 23-2675-JRR) recently dismissed by this court and pending appeal, "reopening this case will serve justice interest." (ECF No. 34 at p. 2.)

The court is not persuaded to revise its ruling on the bases presented in the Motion. First, while asserting the presence of new evidence and legal authority, Plaintiff identifies none. He has not identified any specific evidence or intervening change in controlling law; and the court discerns no legal error on its part. *See Jackson*, 633 F. Supp. 3d at 745, *supra*. The court similarly discerns no manifest injustice from its ruling.[4] *See id.* Even assuming, however, that Plaintiff offered specific evidence to support his assertion, such evidence would not appear material, as the court concluded that, even absent Defendants' immunity, Plaintiff failed to state plausible claims.

### IV. Conclusion and Order

For the foregoing reasons, Plaintiff has failed to demonstrate that relief is warranted under Rule 59(e). Accordingly, it is this 3rd day of October 2025,

**ORDERED** that Plaintiff's Motion (ECF No. 34) shall be, is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this order to Plaintiff.

/s/
Julie R. Rubin
United States District Judge

---

[4] Nor do Plaintiff's conclusory assertions of "excusable neglect" or "extraordinary circumstances warranting equitable relief" persuade the court of same. (ECF No. 34 at p. 2.) While raised in reply, Plaintiff argues that dismissal of this action resulted from "procedural technicalities." (ECF No. 39 at p. 3.) The court disagrees. The court's dismissal of this action was based on binding legal principles and Plaintiff's pleading deficiencies; these are not mere technicalities.